UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DIMITRE HADJIEV,**<br><br>　　　　Petitioner,<br><br>　　v.<br><br>**WARDEN THOMPSON,**<br><br>　　　　Respondent. | Case No. 24–cv–08601–ESK<br><br><br>OPINION |

**KIEL, U.S.D.J.**

　　**THIS MATTER** comes before the Court on petitioner Dimitre Hadjiev's petition for writ of habeas corpus under 28 U.S.C. § 2241 (Petition) arguing that the Bureau of Prisons (Bureau) improperly calculated his time credits pursuant to the First Step Act and violated the Second Chance Act by determining that he was ineligible for residential reentry center (reentry center) placement prior to his release from custody. (ECF No. 1 p. 2.) Respondent FCI Fort Dix Warden Thompson opposes the Petition on the grounds that petitioner failed to exhaust his administrative remedies and is otherwise not entitled to relief. (ECF No. 8.) For the following reasons, I will dismiss the petition as unexhausted.

　　**I.　FACTS AND PROCEDURAL HISTORY**

　　Petitioner is a citizen of Bulgaria. (ECF No. 8 p. 1.) After a jury trial, petitioner was convicted of trafficking in counterfeit goods and money laundering, 18 U.S.C. § 2320(a)(1), 31 U.S.C. §§ 5324(a)(3), (b)(1). *United States v. Hadjiev*, No. 2:19–cr–00548 (E.D. Pa. Nov. 23, 2022) (ECF No. 269.)[1]

---

[1] I take judicial notice of the public filings in petitioner's criminal case.

Petitioner received a 46-month sentence on December 20, 2023. *Hadjiev*, No. 2:19–cr–00548 (ECF No. 325.) His projected release date from custody is July 12, 2025. (ECF No. 8–1 p. 16.)

On March 1, 2024, petitioner's unit team completed an Individualized Needs Plan that concluded he was ineligible for prerelease reentry center placement because "he was a criminal alien releasing to the custody of [Immigration and Customs Enforcement]." (ECF No. 8–1 ¶ 6.) On August 20, 2024, petitioner filed a § 2241 petition asserting that the Bureau incorrectly calculated his First Step Act time credits and incorrectly determined that he was ineligible for residential reentry center placement. (ECF No. 1 p. 6.) I directed the Bureau to answer the Petition on September 9, 2024. (ECF No. 4.) Respondent asserts in its answer that the Bureau has recalculated petitioner's First Step Act time credits and applied them to his sentence, mooting that portion of the Petition. (ECF No. 8 p. 2.) Respondent further argues that petitioner did not exhaust the Bureau's administrative remedy program. (*Id.* p. 3.)

**II.   LEGAL STANDARD**

Title 28, Section 2243 of the United States Code provides in relevant part:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A habeas corpus petition is the proper mechanism for a federal prisoner to challenge the "fact or duration" of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 498–99 (1973); *see also Muhammad v. Close*, 540 U.S. 749 (2004).

A *pro se* pleading is held to less stringent standards than more formal pleadings drafted by lawyers. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976);

*Haines v. Kerner*, 404 U.S. 519, 520 (1972). A *pro se* habeas petition must be construed liberally. *See Hunterson v. DiSabato*, 308 F.3d 236, 243 (3d Cir. 2002).

### III. DISCUSSION

Respondent argues that the Petition should be dismissed because petitioner did not exhaust the Bureau's administrative remedy program. (ECF No. 8 p. 3; *see also* ECF No. 8–2 ¶¶ 7, 8.) "Although there is no statutory exhaustion requirement attached to § 2241," the Third Circuit has "consistently applied an exhaustion requirement to claims brought under § 2241." *Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000). "Exhaustion is the rule in most cases, and failure to exhaust will generally preclude federal habeas review." *Rodriguez v. Sage*, No. 1:22–cv–02053, 2023 WL 2309781, at *2 (M.D. Pa. Mar. 1, 2023) (citing *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 761 (3d Cir. 1996)). Exhaustion is required because: "(1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." *Moscato*, 98 F.3d at 761–62.

The Bureau's administrative remedy system has three tiers allowing "an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). "[A]n inmate shall first present an issue of concern informally to staff, and staff shall attempt to informally resolve the issue before an inmate submits a Request for Administrative Remedy." 28 C.F.R. § 542.13(a). Next, the inmate submits a formal written administrative remedy request to the facility warden on the BP–9 form. 28 C.F.R. § 542.14(a). "An inmate who is not satisfied with the Warden's response may submit an Appeal on the appropriate form (BP–10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response." 28

C.F.R. § 542.15(a). "An inmate who is not satisfied with the Regional Director's response may submit an Appeal on the appropriate form (BP–11) to the General Counsel within 30 calendar days of the date the Regional Director signed the response." *Id.* "Appeal to the General Counsel is the final administrative appeal." *Id.*

On June 14, 2024, petitioner filed administrative remedy No. 1202755–F1 asking for 12 months of First Step Act time credits to be applied to his sentence. (ECF No. 8–2 ¶ 7.) The warden denied the request on July 19, 2024. (*Id.*) Petitioner did not appeal to the Regional Director. (*Id.* ¶ 8.) Petitioner did not respond to the argument in his reply papers. (ECF No. 9 *passim*.)

Petitioner's failure to complete the administrative remedy process deprived the Bureau of a chance "to develop a factual record and apply its expertise" before he filed the Petition in federal court. *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 761 (3d Cir. 1996); *Fernandez v. Warden, FCI Ft. Dix*, No. 24–cv–09014, 2024 WL 4542198, at *2 (D.N.J. Oct. 21, 2024) ("[T]he process would still serve the valid purpose of producing a record for review and in any event would have permitted [p]etitioner to dispute any factual issues he may have had.") Petitioner should have presented his dispute regarding the status of his convictions to the Bureau for its consideration on an agency level before requesting federal court intervention. Therefore, I conclude that petitioner failed to exhaust his administrative remedies.

Failure to exhaust administrative remedies "generally bars review of a federal habeas corpus petition absent a showing of cause and prejudice[.]" *Moscato*, 98 F.3d at 761. In the absence of an argument that there was some external reason for failing to complete the administrative process, I must conclude that petitioner chose not to appeal. Courts in this District have not excused the exhaustion requirement when the failure to exhaust was a choice. *See Hayes v. Ortiz*, No. 20–cv–05268, 2020 WL 3425291, at *5 (D.N.J. June 23,

2020) ("By choosing to skip the administrative process, [p]etitioner has delayed any relief that was available to him.") "[T]he calamity—if any—which [p]etitioner might be facing is of his own making, and such hypothetical self-inflicted distress cannot serve as a basis for excusing the exhaustion requirement." *Shoup v. Shultz*, No. 09–cv–00585, 2009 WL 1544664, at *5 (D.N.J. June 2, 2009). I find that petitioner has not demonstrated cause for his failure to exhaust and will dismiss the Petition accordingly.

### IV.   CONCLUSION

For the reasons stated above, I will dismiss the Petition as unexhausted. An appropriate Order accompanies this Opinion.

                                                */s/ Edward S. Kiel*
                                                **EDWARD S. KIEL**
                                                UNITED STATES DISTRICT JUDGE

Dated: April 7, 2025